We'll move now to Appeal 25-2740, United States v. Peter Braun. We'll begin with oral argument on behalf of the appellant, Mitch Clayman. Thank you, and good morning, Your Honors, and may it please the Court, William Clayman for the United States. I'd like to reserve two minutes of my time for rebuttal. This appeal presents two issues for this Court to decide. First, whether the government preserved its claim in its opposition to the defendant's motion to suppress that the affidavit in support of the warrant to search the defendant's home established probable cause without the appellant's descriptions of two images of child pornography. And then second, whether that probable cause argument is correct. Mr. Clayman, only if you can say, not trying to invade any type of work product or attorney-client privilege, but why wasn't the hash-matching private search doctrine ruling appealed? I'm afraid this might not be a satisfactory answer, but through internal deliberations we decided the good faith issue, or not the good faith, the probable cause issue was the one we were going to appeal. Very good. You may continue. I was surprised you didn't appeal the good faith issue as well, by the way, on that subject. I understand. I mean, I've been there. I understand. Thank you, Your Honor. So unless this Court has any more preliminary questions, I did want to start with preservation and then turn to the probable cause issue. The government preserved its probable cause claim below because we plainly raised it. The relevant docket entries here are docket entry 20, that's the defendant's motion to suppress, in which he argued, among other things, that the evidence needed to be suppressed because the remaining information in the affidavit did not establish probable cause, and then docket entry 27, which is the government's response in opposition to that motion, in which we argued repeatedly that, quote, the warrant was supported by probable cause, even excluding the challenged content. And when describing the remaining information in the affidavit that supported that argument in our brief, we flagged all of the issues we raised on appeal. We flagged the number of cyber tips that were submitted in this case. We flagged the reliability of the sources of information that those cyber tips relied on. We flagged the name of the image that was uploaded by the user of the Google account that was reported in the Google cyber tip. The image was called Pedo Mom and Son, and we flagged that the name Pedo Mom was plainly indicative of child pornography. We also flagged that law enforcement linked this conduct to the defendant's home via his residential IP address, and we flagged that the defendant had previously been reported to law enforcement for chatting online with, quote, very young children. So we made those arguments below, and those are the same arguments we're making in support of the same probable cause claim on appeal. So given that record, we do think this court should review the affidavit de novo. You may continue. If there are no questions on preservation, then yes, I'll just turn to probable cause. And it's the government's position that if this court sets aside the affidavit's descriptions of the child pornography in the affidavit, that the remaining information is sufficient to establish probable cause to search the defendant's home. There are six pieces of information in the affidavit that I think are most relevant to this court's probable cause assessment. I can just tick through them now. The first piece of information I'd flag is that the affidavit explained that Microsoft detected that someone using three different Microsoft accounts uploaded child pornography to the Internet on three occasions in September of 2020. I think I might have misspoke there. There was two different Microsoft accounts on three occasions in September of 2020. The affidavit also flagged that Google reported that around the same time in September 2020, someone using a Google account also uploaded an image of child pornography to the Internet and that this image was called Pedo Mom and Son. The affidavit flagged that Microsoft and Google are reliable sources of information in these kinds of investigations. Are they government actors? No, Your Honor. Microsoft and Google are not government actors. They're private Internet service providers. I think my friend on the other side suggested that NCMEC, the National Center for Missing and Exploited Children, might be considered a government actor. This court has not, as far as I know, reached that issue. We haven't. I think you've assumed in certain cases that they might be. In the government's view, that doesn't really matter for this particular case because there was no search that NCMEC did. The only thing NCMEC did in this case was its own hash matching procedures, which exactly mirrors what Google and Microsoft did, and then they conveyed the information to Agent Kohler. So unlike in some of the other cases, NCMEC did not open the images themselves or do anything that would constitute a search in this case. Are the statements to conclusory that the images of child sexual abuse materials were uploaded without further description of what those images were? That seems to me, is that a legal conclusion or is it just too conclusory to form probable cause? So we would submit that that language came from the cyber tips themselves. The cyber tips are reporting there was a child pornography incident, a child pornography crime. So Agent Kohler knew that before he ever looked at the images, that this is about child pornography. With respect to Your Honor's specific question, there are three points I'd make. So first of all, I think, as this Court made clear in the Weatherman case, which we cite in our briefing, there is no rule or requirement in the Seventh Circuit that every warrant and every child pornography investigation actually describes an image, and I think that makes sense. The Supreme Court has been clear that probable cause is fluid and there shouldn't be rules like that. And then there's an important distinction I think I want to draw here, which is that this is not a situation where the affidavit is relying on the affiant's own conclusory assertions that there is child pornography in the defendant's home. It's a situation where the affiant is describing how numerous sources told him that they saw child pornography and that they needed to report it to law enforcement. Is CSAM a term of art coming from Microsoft and Google, coming from the government, or both? I believe in this case it is both. I think CSAM has become sort of a more preferred term for child pornography, which the statutes sometimes use. I believe that the cyber tips use CSAM and child pornography, and I think Agent Kohler in the affidavit explained that he was using those terms synonymously. Okay, thank you. But this is again not a situation where the agent's conclusory assertions are what supports the probable cause. It's the sources. So Microsoft, Google, and NCMEC in this case are sources, and they aren't anonymous. They aren't biased. They aren't motivated to lie or to frame the defendant. I think quite the opposite, as Agent Kohler explained in the affidavit. These are known, reliable sources that have legal obligations to report child pornography crimes that they've become aware of. And then the third point I'd make on this specific question is that this is not, again, a situation where the source is someone like the defendant's neighbor who's going to Agent Kohler and saying, oh, the defendant's emailing a bunch of people child pornography. You need to look into this. And Agent Kohler has to try to figure out how does the neighbor know this. Microsoft and Google are plainly in a position to detect if their users are uploading child pornography to the internet. I don't think there's really any dispute on that issue. So the only question then is whether there are other facts in the affidavit to corroborate the reporting that there was a child pornography crime that occurred. And on that point, I think there are four particular facts that are important here. I point to the number of cyber tips. We have four cyber tips in this case. So this is not a case where there's one cyber tip from one service provider reporting one incident. There are four cyber tips from two internet service providers reporting three accounts as uploading child pornography on four occasions. And all four occasions are tied to the defendant's residential IP address. So I think those numbers, they obviously reflect a level of intentionality on whoever's engaging in this conduct, but also reflect, I think, a lack of mistake on Microsoft and Google's part. It just sort of defies common sense that they would be wrong four times over if we were The other fact I'd point to is the filename pedo mom and son, which Google reported. I think, as we argued below and reiterated on appeal, that filename is plainly indicative of child pornography. There's just no innocuous explanation for the filename pedo mom and son. So I think that corroborates their reporting of a child pornography crime, even if we don't see the image that's actually reported. I'd also point to the fact that the affidavit describes how the defendant was previously reported to law enforcement for, I think it was chatting online with very young girls. And then the final point I'd note is that the affidavit, and Agent Kohler actually vouches for Microsoft and Google in the affidavit, he explains that they are known, reliable sources and that they have provided him reliable information in prior investigations. Would you like to reserve the remainder of your time? Yes, thank you. Thank you, Mr. Klayman. Mr. Greenberg, we'll now move to you for oral argument on behalf of the appellee. May it please the court, Jonathan Greenberg on behalf of the appellee, Peter Braun. If this court holds the government to the same standards of preservation it routinely holds all other litigants to, this is a straightforward case. I'll mirror my friend's arguments and I'll touch upon preservation and then get to the  As for preservation, the government's arguments are unpreserved. The key document in this case is docket 27, pages 13 through 14, which are the government's probable causes arguments. And if you were just looking at that document, you would assume I'm about to read a hatch match appeal. And they've abandoned that argument, wisely so. It was, and I mean this respectfully, a borderline frivolous argument. It's a frivolous argument because when we look at the sufficiency of a warrant, we look at the four corners, and Agent Kohler said nothing about hatch matching. So they have wisely not pushed that point on appeal, and in doing so, they have waived those points. That is not just a forfeiture, that is a waiver. So what's left here? All that's left is this line. The warrant also described Agent Kohler's other investigative steps as described above. That is the essence of their probable cause arguments, and that's simply not enough. This court has held time and again that skeletal, perfunctory, cursory arguments do not preserve a claim. And that's exactly what this is. And I invite the court to imagine if the shoe was on the other foot. If a defense attorney filed a motion to suppress, summarized the contents of a search warrant, and then the argument said the agent's investigation, as described above, did not amount to probable cause, there is no universe where this court would hold that argument preserved the claim. Even though the question of probable cause is a legal question that turns just on the four corners of the warrants, the district court wouldn't get to that analysis because the claim wasn't preserved. Can I ask you a question? Yes, Your Honor. In the background section of the Statement of the Facts, when describing the warrant, did the government describe the provisions of the warrant that they're now relying upon? Yes, Your Honor. What more is there to argue? And here's why I think that's not enough. First of all... No, no, no. I'm saying they describe it, right? They say, we took off six points. And then they say, our argument is these six points support a finding of probable cause. What else is there to say? I think if they had done that, that would be a different case, and I probably wouldn't be here arguing preservation. Because, of course, parties can argue by adoption and incorporation. The problem here is, look at what they said. The warrant described the agent's other investigative steps. The agent's investigation essentially amounts to one thing, two things. He confirmed that Braun was the person associated with that IP address, and then he found that report from 2015 about the report from Braun's son. What the government is arguing here is not the agent's investigative steps. What they are arguing here is the number of the NCMEC tips, the reliability of NCMEC, the information NCMEC gave to the agent, that being the name of the file, all of those things preceded Agent Kohler's investigation. The judge, the district court, was not on notice that just the mere information Agent Kohler received at the outset established probable cause, and once he established who owned the IP, the job was done. You cannot reasonably infer that from this argument. They didn't argue down below the nature of the information. They argued below what Agent Kohler did afterwards, and that does not get you to probable cause. These arguments are forfeited, and the district court did not err in finding a forfeiture. And that's why the government is wrong that the Yee Doctrine applies here. The Yee Doctrine allows for new arguments, new authorities, if a claim down below was properly presented, or in the words of this court in Wankiju, if it was preserved. It's not an exception or a bypass to preservation. You still have to preserve something, and here there is nothing left that's preserved. You have one argument, the dominant argument, that's waived, and then you have this remainder argument that is not comparable to what they have raised on appeal, and that was forfeited. So for those reasons, we maintain that this issue should be reviewed for plain error, and under that standard we plainly win. On the merits, Mr. Greenberg, the government analogizes Google and Microsoft to librarians. Yes. Your argument on that? I think this goes back to a question Judge Lee asked. I think the reason why this warrant does not get you to probable cause is the conclusory nature of the NCMEC reports. They don't say in the warrant anywhere the basis for the report. There are multiple ways NCMEC could have determined this. Maybe it was a hash match. Maybe an employee looked at it. Maybe something else. But the warrant is silent, and I don't think that this court can fill that silence with speculation. I'm not tracking you on why, because we've got the Blocker case, which came down very recently, that spoke to kind of the role of what Google or Microsoft would be. How is this different than that librarian analogy they've raised? I think that door is closed by Clark and Weatherman. If there is any kernel of a holding in Clark, it's that a warrant for a search for child pornography cannot be based on just a conclusion. Clark, though, was concerned about some vague, old investigations, decades-old investigations, that didn't lead to anything being used in affidavits. That seems different than here, where Google, Microsoft, and the NCMEC witnessed this downloading and then promptly reported it. Those seem to be different. Your Honor is correct. The facts are assuredly different. But part of Clark's framework, the framework it applied, is the assertion of child pornography cannot be based on a conclusion. And I don't see how a conclusory statement from the affiant is unacceptable, whereas a NCMEC tip, where we don't know the basis for the tip, suddenly becomes acceptable. And that's why the government's librarian analogy falls apart. Compare that to Hall. In Hall, the technician finds all these images and videos on the computer, and then he describes to law enforcement what he saw. In the absence of that description, how can it be said that what they actually saw amounts to probable cause for the legal definition of child pornography? And that's why the NCMEC tips, just based on their number, are not enough, without at least some indicia of what was the basis for the tip. The reliability of NCMEC and the quantity of the tips don't fill that gap. When we don't know the basis for it, we're right back in Clarker plan. It is a conclusory assertion that doesn't get you to probable cause. I see the defense isolation with regard to each of the individual pieces, but we're to look in aggregate. We're not to look at just each individual piece. And the argument that we're being offered by the government is that, in aggregate, this is going to reach that level of probable cause. And I don't think we get there. That's the problem with probable cause. It ultimately comes down to weighing. I completely agree. I'm not advancing the slice and dice, divide and conquer approach. Everything is reviewed in the totality, and this isn't enough. I've already explained to the court why the NCMEC tips, even if reliable, even based on their quantity, aren't enough. So all you're left with is the file name and the 2015 report. I think the 2015 report is pretty easily dispensed with. That was far too stale to support probable cause. And as for the file name, I have not found a single case where a single file name that does not give any indicia as to the contents, as to whether, as to the age, as to the activities. In that regard, it's quite different from the Third Circuit's case in Miknovich, where the file names both had ages, they described the acts, and they were corroborated by computer forensic analysis. Or this court's decision in Hall, which involved 1,000 file names. Reasonable suspicion, perhaps, but our position is this does not get to probable cause. So going back to the librarian analogy, so if, let's say it's not Google or Microsoft, let's say it is a librarian, and the librarian sees a particular person online looking at child pornography, right? And the librarian reports to the authorities, oh, you know, blank, blank, is looking at child pornography. And, in fact, this librarian has reported ten other instances of child pornography that were actually verified, and that's in the affidavit, right? And so the affidavit contains the fact that the librarian, this reliable source, says that he saw child pornography, you know, that this other person was viewing child pornography. You're saying that that is not enough probable cause? That would be our position. There needs to be at least more. There needs to be some description of the nature of the images. Otherwise, it is exactly the type of conclusory declaration that this court in Clark condemned. Okay, so what if instead of saying child pornography, the librarian said, you know, the images were of children engaged in pornographic activity? I think that might be a little bit different because of the word engaged, because that gives you at least some indicia of what the contents are. And here's the reason why Clark prohibits these sorts of conclusory statements to get to probable cause. Imagine if some civilian hipster who is maybe reliable, we have no reason to believe is acting in bad faith, says I've seen child pornography. Maybe they have seen a child engaged in a sexual act. Maybe they saw a child in a bathtub and they simply don't understand what child pornography means as a legal concept. They just saw an older gentleman looking at that and they got creeped out. That's why you need a little bit more. You have that in Hull. You don't have that here. And for that reason, I respectfully ask this court to affirm. Thank you, Mr. Greenberg. Mr. Clayman, we'll go back to you now for rebuttal argument. Thank you, Your Honor. Unless the court has preliminary questions, I did want to hit one point on preservation and then one point on probable cause. So I think my friend on the other side here with respect to the preservation issue is conflating claims and arguments. I think this court has been clear. Claims need to be preserved below, but arguments can be developed, elaborated on, and even presented in variant format on appeal. Here, the claim that's been preserved is that the remaining information in the affidavit established probable cause, even without considering the descriptions of the child pornography. I think the defense concedes. The government made that argument repeatedly, or made that claim rather repeatedly, and the arguments we made in support of that claim are, for example, that the file named pedo mom was plainly indicative of child pornography, that the cyber tips were reliable, and that the defendant had previously been reported to the police. So in the government's view, we plainly preserved this claim, and we preserved all of the arguments in support of that claim that we're making on appeal. With respect to probable cause, respectfully, I think my friend on the other side is, again, taking facts in isolation and picking them apart. As Your Honor noted, probable cause, sometimes the whole is greater than the sum of their parts. Here we have four reliable tips from known sources that the defendant was trafficking in child pornography. We recognize the tips only said child pornography if you remove the description of the images, but, again, there are four other facts that help corroborate that that was, in fact, child pornography. I noted them in my opening argument, the number of the cyber tips, the fact that one of the images reported as child pornography was called pedo mom and son, the fact that the defendant had previously been reported to the police, and the agents vouching for Microsoft, Google, and Nick Nick. So unless the court has any other questions, we would respectfully ask that you reverse the suppression order. Thank you, Mr. Klayman. Thank you, Mr. Greenberg. The case will be taken under advisement.